# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| JOSEPH HAMILTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:18-cv-223-ACL |
| LISA JACKSON, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Joseph Hamilton for leave to proceed *in forma pauperis* in this civil action. Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. The motion will therefore be granted. In addition, the Court will dismiss the complaint, without prejudice.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id.* at 679.

*Pro se* complaints are to be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, they still must allege sufficient facts to support the claims alleged. *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004); *see also Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980) (even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone*, 364 F.3d at 914-15. In addition, giving a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff Joseph Hamilton brings this civil action against Lisa Jackson, Anthony Weaver, John Doe, and Police Officer John Doe #2. He identifies Jackson as the manager of a Casey's General Store in Kennett, Missouri. He indicates that the other defendants are police officers in Kennett, Missouri.

According to the complaint, on July 5, 2017 in Kennett, Jackson hit plaintiff with her car. Plaintiff's knee was seriously injured. Plaintiff called 911 and "the police came and nothing was done about her hitting me with her car. She was not arrested for anything but I was charged with property damage to her car." (Docket No. 1 at 5). Defendant Weaver "and his father-in-law, who I found out was the Chief all lied under oath the Chief and another officer was first on scene, Anthony Weaver came after the Chief and other officers came but he said he was the first

2

officer on scene." *Id.* at 7. Weaver and another officer failed to arrest Jackson. They let her drive her car to the police station. Plaintiff's charges against Jackson were not answered, and Weaver and the Kennett Police Chief failed to obtain plaintiff's medical records or otherwise investigate his case. Plaintiff told the judge and everyone that there was more to this case than property damage. Plaintiff lost his job due to the incident, and he incurred medical bills that remain outstanding. He needs therapy but cannot afford it.

As relief, plaintiff seeks to have his medical bills paid and his job restored, and to have Jackson "prosecuted for her part in this case." *Id.* at 5.

## Discussion

To the extent plaintiff can be understood to bring this case pursuant to state tort law, it is subject to dismissal because it appears that all parties are citizens of the same state. *See* 28 U.S.C. § 1332. To the extent plaintiff can be understood to bring this case pursuant to 42 U.S.C. § 1983, it is also subject to dismissal. To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Regarding Jackson, plaintiff does not allege, nor is it apparent, that she was a state actor. He therefore fails to state a claim against her under § 1983.

Plaintiff has also named three police officers as defendants. However, he does not specify whether he sues them in an official capacity, an individual capacity, or both, despite the fact that the form complaint specifically instructed him to so specify. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community*

*College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his official capacity is the equivalent of naming the government entity that employs him. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Based upon the allegations in the complaint, it appears the law enforcement defendants are employed by a police department, which is not an entity subject to suit under § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992) (entities such as police departments are "not juridical entities suable as such). In addition, the complaint fails to state a claim of municipal liability. *See Monell v. Dept. of Social Services of City of New York,* 436 U.S. 658, 690-91 (1978).

Even if plaintiff had named the police officer defendants in an individual capacity, his claims would fail. Plaintiff's statement that the law enforcement defendants lied under oath is wholly conclusory, and fails to state a plausible claim for relief. *See Iqbal*, 556 U.S. at 678-79. Plaintiff also alleges that the law enforcement defendants failed to arrest Jackson and failed to investigate his side of the case, and he states he wants Jackson to be prosecuted. However, plaintiff does not have a legally cognizable interest in having another person arrested or charged with a crime, or to have a crime investigated. In addition, this Court cannot, as plaintiff requests, compel the criminal prosecution of Jackson. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *see also Parkhurst v. Tabor*, 569 F.3d 861, 865–67 (8th Cir. 2009) (crime victims lack standing to compel a criminal prosecution); *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007) ("There is no statutory or common law right, much less a constitutional right, to an investigation."). Because plaintiff cannot establish the violation of a right secured by

the Constitution or laws of the United States, he fails to state a claim under § 1983. *See West*, 487 U.S. at 48.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (Docket No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket No. 3) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 2nd day of October, 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE